Lee Iglody
Nevada State Bar No. 7757
**IGLODY LAW**
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Tel: (702) 425-5366
lee@iglody.com

Kristen Barros*
Florida State Bar No.: 1008492
**THE MINEO SALCEDO LAW FIRM, P.A.**
5600 Davie Road
Davie, FL 33314
Telephone: (954) 463-8100
Facsimile: (954)463-8100
Service@mineolaw.com
KSomma@mineolaw.com
LHoyt@mineolaw.com

*Pro Hac Vice

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

GENE MATTERA, an individual, DOUGLAS LONGHINI, an individual, and ACCESS 4 ALL, INC., a Florida not-for-Profit Corporation,

Plaintiffs,

vs.

MANDALAY PROPCO, LLC, a Nevada Limited Liability Company, and MGM RESORTS INTERNATONAL, a Nevada Corporation,

Defendants.

Case No.: 2:26-cv-02231-MDC

**AMENDEDED STIPULATED DISCOVERY AND SCHEDULING ORDER**

**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)**

Pursuant to the Court's minute order dated October 29, 2026 (ECF No. 18), Plaintiffs, GENE MATTERA, an individual, DOUGLAS LONGHINI, an individual, and ACCESS 4

ALL, INC., a Florida not-for-profit corporation, (collectively "Plaintiffs"), by and through their counsel of record, The Mineo Salcedo Law Firm, P.A. and Iglody Law, and Defendants, MANDALAY PROPCO, LLC, a Nevada Limited Liability Company, and MGM RESORTS INTERNATONAL, a Nevada Corporation (hereinafter "Defendants"), by and through their counsel, Jackson Lewis P.C., hereby submit this Amended Stipulated Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f), and Local Rule 26-1(b).

**1. Initial Disclosures:**

The parties participated in the scheduling conference pursuant to Fed. R. Civ. P. 26(f) on October 12, 2026. The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on October 26, 2026. Aside from timing, the parties do not believe that any changes are necessary as to the form or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

**2. Scope of Discovery:**

Unless otherwise limited by subsequent stipulations and/or orders of this Court, the parties agree that discovery may be taken on any subjects permitted by the Federal Rules of Civil Procedure. The parties do not believe it is necessary to conduct discovery in phases.

**3. Discovery Cut-Off Date:**

Discovery should not take more than 180 days from September 14, 2026, the date on which the Defendants filed their Answer to Plaintiffs' Complaint. Accordingly, all discovery must be completed no later than March 13, 2027.

**4. Amending the Pleadings and Adding Parties:**

The date for filing motions to amend the pleadings or to add parties shall not be later than ninety (90) days prior to the discovery cut-off date and, therefore, not later than December 13, 2026.

**5. Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):**

In accordance with Rule 26(a)(2), initial disclosures identifying experts shall be made sixty (60) days prior to the discovery cut-off date, and therefore, not later than January 12, 2027. Disclosures identifying rebuttal experts shall be made thirty (30) days after the initial disclosure of experts and, therefore, not later than February 11, 2027.

**6. Dispositive Motions:**

The parties shall file dispositive motions not more than (30) days after the discovery cut-off date and, therefore, not later than April 12, 2027.

**7. Pretrial Order:**

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed by May 12, 2027. In the event a dispositive motion is filed, the date for the filing pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions or further order of the Court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Stipulated Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time period set forth in this paragraph.

**8. Fed. R. Civ. P. 26(a)(3) Disclosures:**

The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the Joint Pretrial Order.

**9. Alternative Dispute Resolution:**

The parties certify they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation. The parties have not agreed to a form of alternative dispute resolution at this time.

**10. Alternative Forms of Case Disposition:**

The parties certify they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed.R.Civ.P.73. The parties acknowledge that this matter has been assigned to Magistrate Judge Couvillier (ECF No. 2-3) and that neither party has declined consent by signing and returning the Form to the Court within the applicable timeframe, such that the parties are deemed to have consented to proceed before Magistrate Judge Couvillier.[1]

**11. Electronic Evidence at Trial:**

A jury trial has not been demanded in this action and it is not anticipated that the Parties will introduce electronic evidence at trial.

**12. Electronically Stored Information:**

The parties have undertaken efforts to retain any electronically stored information relevant to this matter and have agreed that, unless the requesting party asks for a definite and specific form, the party producing any electronically stored information need not provide such information in any certain form as long as the form provides the other party (ies) reasonable access to the information. The parties have further agreed that, to the extent any party seeks electronically stored information that would be cumulative, burdensome or unduly costly to produce, counsel for the parties will meet and confer in good faith should any dispute arise.

**13. Privilege Issues:**

The parties agree to be bound by Fed. R. Evid. 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently.

[1] The parties note that LR 26-1(b)(8) requires the parties to certify that they considered the use of the Short Trial Program (General Order 2013-01). Pursuant to General Order 2023-03, the Short Trial Program has been eliminated, such that this requirement no longer applies.

Accordingly, the parties agree that if a party inadvertently produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document, the producing party may promptly notify the requesting party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party will not waive any right to challenge the validity of the assertion of privilege regarding any such documents.

DATED this _30th_ day of October, 2026.

IGLODY LAW

*/s/ Lee Iglody*
Lee I. Iglody, Bar # 77572580 St. Rose
Pkwy, Suite 330
Henderson, NV 89074

/s/ *Kristen Somma*
Kristen Barros, FL Bar # 1008492
(Pro Hac Vice)
The Mineo Salcedo Law Firm, P.A
5600 Davie Road
Davie, FL 33314

*Attorney for Plaintiffs*

DATED this _30th_ day of October, 2026.

JACKSON LEWIS P.C.

*/s/Chad Butterfield*
Chad Butterfield, Bar #10532
Tenesa S. Powell, Bar # 12488
300 S. Fourth St., Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendants*

**IT IS SO ORDERED**.

DATED: _November 4, 2026_

Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE